**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No.  1:22-cv-840

ZACH BERMAN;

      Plaintiffs,

v.

GRAVITY HAUS, INC.;

     Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, Zach Berman, by and through his attorneys of KONTNIK | COHEN, LLC, hereby bring this Complaint and Jury Demand against Defendant, Gravity Haus, Inc. under The Fair Labor Standards Act and the Colorado Wage Claim Act and states as follows:

## I.    <u>INTRODUCTION</u>

1.    Mr. Berman was employed by Defendant as a "Haus Sales and Community Curator" for approximately 16 months. Mr. Berman was sent a Separation Agreement and General Release in Mid-October of 2021. At the time this Separation Agreement was sent, Mr. Berman was owed over one hundred thousand dollars in commission per his employment contract as well as unpaid commission on several membership sales and referrals. To this date, the commission owed to Mr. Berman remains unpaid.

## II.    <u>PARTIES</u>

2.    Mr. Berman was, at all times relevant to this lawsuit a resident of the State

of Colorado and was employed by Gravity Haus Inc.

3.      Defendant is registered to do business in the state of Colorado with its

principal office at 121 S. Tejon Street, Suite 900, Colorado Springs, CO 80903, United

States.

4.      Defendant has continuously been an employer within the meaning of the FLSA 29

U.S.C. §203(d) and Colorado Wage Claim Act, C.R.S. § 8-4-101

### III.    JURISDICTION AND VENUE

5.      This action is brought under 29 U.S.C §201 and the Colorado Wage Claim Act, C.R.S. § 8-4-

101.

6.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 for the federal law

claims, and 28 U.S.C. § 1367 for the state law claim.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise

to these claims occurred in the District of Colorado and the Defendant is located in Colorado Springs,

Colorado.

### IV.    FACTUAL ALLEGATIONS

8.      Mr. Berman was hired as a "Haus Sales and Community Curator" by Defendant in

July 2019.

9.      As the Defendant's first sales executive, Mr. Berman was responsible for creating

and selling all Gravity Haus offerings, which included but were not limited to the following: all

membership packages – individual, family, and corporate, all sponsorships and brand activations,

group buy-outs, and all trips and experiences.

10.     Per Mr. Berman's offer letter, he was to be paid a salary of $130,000 per year paid

on a bi-weekly basis, less applicable withholdings, and deductions.

11.     In addition to his bi-weekly salary Mr. Berman's offer letter from Defendant included a commission and bonus structure.

12.     As part of this commission structure, Mr. Berman was to be paid a five percent (5%) commission on membership sales and between ten percent (10%) and twenty percent (20%) on any business-to-business transaction.

13.     The offer letter further stated that commissions are paid monthly after monies are collected from the customer.

14.     While employed by Defendant, Mr. Berman engaged in several discussions with various entities about business-to business partnerships.

15.     Prior to Mr. Berman's termination, he negotiated a business-to-business contract with Capital One for approximately $950,000 with $650,000 guaranteed.

16.     Upon information and belief, as part of this deal, Capital One provided a 40-page contract for Defendant to review, but Defendant did not have to expend significant resources in their preparation of this contract.

17.     Even though Mr. Berman had been working on securing this contract for over a year, through the COVID-19 pandemic, Defendant constructively discharged Mr. Berman by offering termination or a separation agreement shortly before the deal with Capital One was executed.

18.     After Mr. Berman received the Separation Agreement, Defendant finalized the contract with Capital One and refused to pay Mr. Berman the commission he was owed.

19.     From this contract, Mr. Berman expected to earn over one hundred thousand dollars in commission.

20.     Prior to Mr. Berman's termination, he also negotiated a business-to-business partnership contract with Moet Hennessy for approximately $15,000.

21.     Upon information and belief, Defendant's contract with Moet Hennessy did not require Defendant to expend significant resources in their preparation of this contract.

22.     From this partnership contract, Mr. Berman expected to earn approximately $3,000.

23.     Mr. Berman himself processed Moet Hennessy's payments into Defendant's payment processing system.

24.     Mr. Berman processed two separate payments from Moet Hennessy of $3,500 on January 28, 2020.

25.     Mr. Berman processed one payment from Moet Hennessy of $4,000 on January 28, 2020.

26.     Mr. Berman processed one payment from Moet Hennessy of $4,000 on April 7, 2020.

27.     Prior to Mr. Berman's termination, he also negotiated a business-to-business contract with Anheuser Busch for $14,240.

28.     From this contract, Mr. Berman expected to earn approximately $2,850.

29.     Upon information and belief, Defendant's contract with Moet Hennessy did not require Defendant to expend significant resources in their preparation of this contract.

30.     Prior to Mr. Berman's termination, he also negotiated a business-to-business contract with Runa for $2,500.

31.     From this contract, Mr. Berman expected to earn approximately $500.

32.     Upon information and belief, Defendant's contract with Moet Hennessy did not

4

require Defendant to expend significant resources in their preparation of this contract.

33.     Upon information and belief this contract was approved, signed off on, and paid by Runa.

34.     Prior to Mr. Berman's termination, he also negotiated a business-to-business contract with Unravel Coffee for $9,917.40.

35.     Mr. Berman fostered a relationship with Unravel Coffee for Unravel Coffee to sell coffee with Defendant, which Jim Deters informed Mr. Berman that he would earn commission from this contract.

36.     Upon information and belief, Defendant's contract with Unravel Coffee did not require Defendant to expend significant resources in their preparation of this contract.

37.     From this contract with Unravel Coffee Mr. Berman expected to earn approximately $1,983.40.

38.     As well as facilitating the business-to-business deals Mr. Berman also sold and referred many people to memberships and he was entitled to five percent (5%) commission on each membership sold.

39.     Upon information and belief, these membership sales and referrals are recorded in the "CRM/Hubspot."

40.     As of the date of this complaint, Defendant failed to pay Mr. Berman for any of the memberships he sold or referred.

41.     As of the date of this complaint, Defendant failed to pay Mr. Berman for any of the commissions described herein.

42.     Mr. Berman was terminated on or about November 30, 2021.

<h2 style="text-align:center">V.   <u>CLAIMS FOR RELIEF</u></h2>

<b>FIRST CLAIM FOR RELIEF</b><br>
(Violation of the Fair Labor Standards Act 29 U.S.C. § 203)

43.     Mr. Berman herby incorporates the allegations as if fully set forth herein.

44.     At all material times, Defendant was an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (d).

45.     At all material times, Defendant employed "employees," including Plaintiff, within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (e)(1).

46.     As a result of the foregoing conduct, as alleged, Defendant failed to pay wages due thereby violating, the Fair Labor Standards Act. These wages include commission on membership sales and business-to-business transactions.

47.     These violations were committed knowingly, willfully and with reckless disregard of applicable law, as Defendant knew it was not paying the commissions earned by Mr. Berman per his offer letter.

48.     As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment in an amount equal to all unpaid commission on both membership sales and business-to-business deals. Such payment should be made in care of undersigned counsel at the listed address.

49.     Plaintiff is therefore entitled to unpaid wages, statutory penalties, attorney's fees costs, and applicable statutory interest.

<b>SECOND CLAIM FOR RELIEF</b><br>
(Violation of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, <i>et seq</i>)

50.     Mr. Berman herby incorporates the allegations as if fully set forth herein.

51.     At all material times, Defendant was an "employer" within the meaning of the

6

Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*

52.     At all material times, Defendant employed "employees," including Plaintiff, within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*

53.     As a result of the foregoing conduct, as alleged, Defendant failed to pay wages due thereby violating the Wage Claim Act. These wages include commission on membership sales and business-to-business transactions.

54.     These violations were committed knowingly, willfully and with reckless disregard of applicable law as Defendant knew it was not paying the commissions earned by Mr. Berman per his offer letter.

55.     As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment in an amount equal to unpaid commission on both membership sales and business-to-business deals. Such payment should be made in care of undersigned counsel at the listed address.

56.     Plaintiff is therefore entitled to unpaid wages, statutory penalties, attorney's fees, costs, and applicable statutory interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Berman respectfully requests a trial by jury on all issues so triable, and damages, as follows:

>       a.     The Court declare that the actions of Defendant described in this Complaint are in violation of federal law;

>       b.     The Court award Plaintiff liquidated damages, including but not limited to unpaid commission on membership sales, unpaid commission on business-to-business transactions, or liquidated damages;

c.      The Court award Plaintiff actual economic damages and consequential

damages arising out of Defendant's conduct as established at trial;

d.      The Court award Plaintiff his reasonable attorneys' fees and costs in this

action as permitted by law;

e.      The Court award pre-judgment and post-judgment interest at the highest

lawful rate; and

f.      The Court award any such further relief as this Court deems just and proper.

**Plaintiff requests a trial to a jury on all issues so triable.**

Dated: April 6, 2022

Respectfully submitted,

*s/ Spencer J. Kontnik*
Spencer J. Kontnik,
Matthew L. Fenicle,
KONTNIK | COHEN, LLC
201 Steele Street, Suite 210
Denver, Colorado 80206
Telephone: (720) 449-8448
E-Mail: skontnik@kontnikcohen.com
E-Mail: mfenicle@kontnikcohen.com
Attorney for Plaintiff ZACH BERMAN